IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LEROY SHARP,                                                                OPINION AND ORDER

        Petitioner,

                                                                          16-cv-473-bbc
                                                                          08-cr-112-bbc

    v.

UNITED STATES OF AMERICA,

        Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Petitioner Leroy Sharp has filed three motions: one for post conviction relief under 28 U.S.C. § 2255, dkt. #1, 16-cv-473; (dkt. #62, 08-cr-112); a second to hold his motion in abeyance until the Court of Appeals for the Seventh Circuit has had an opportunity to rule on his motion to file a second or successive motion for post conviction relief, dkt. #63, 08-cr-112; and a third for appointment of counsel to represent him on his motion. Dkt. #2. All three motions will be denied.

        Petitioner's motion for post conviction relief will be denied because he has not shown that he has any ground for relief. His second motion will be denied because the court of appeals has ruled on his motion since he filed it and has determined that he can proceed without an order from the court of appeals. Finally, I am denying petitioner's motion for appointment of counsel because it is clear from the pleadings and the record of his conviction and sentencing that he has no possibility of success on his claim for relief.

1

RECORD FACTS

In July 2008, petitioner Leroy Sharp was charged in this court with one count of distribution of five grams or more of a mixture or substance containing cocaine base, or crack cocaine, in violation of 21 U.S.C. § 841(a)(1). The government later filed an information advising petitioner of its intention to seek an enhanced penalty under 21 U.S.C. § 851, in light of petitioner's previous felony convictions.

In January 2009, petitioner entered a plea of guilty to the one count indictment. The probation office prepared a presentence report, noting that the government was unable to prove that petitioner had sold heroin and that it recommended holding him accountable for only his two deliveries of crack cocaine to a co-defendant. The office recommended that petitioner be found a career offender under U.S.S.G. § 4B1.1 because he was at least 18 years old at the time he committed the offense, his offenses were controlled substance offenses and he had two prior convictions for either a crime of violence or a controlled substance offense. It calculated petitioner's prior criminal history at 37 minus 3 points for acceptance of responsibility, making his offense level 34. His criminal history included two prior convictions for a controlled substance offense: a 1995 offense for possession with intent to deliver marijuana in violation of Wis. Stat. § 161.41(1m)(h)1 and a 2001 offense of manufacture or delivery of 5 grams or less of cocaine, in violation of Wis. Stat. § 961.41(1)(cm)1. In addition, he had a 2001 conviction for battery by a prisoner, in violation of Wis. Stat. § 940.20(1).

Under U.S.S.G. § 4B.1, two convictions for either controlled substance offenses or

2

a crime of violence are sufficient for a finding by the court that a defendant is a career offender. Petitioner had the requisite two convictions. Accordingly, his criminal history category under the guidelines was VI.

In April 2009, petitioner was sentenced to a term of 240 months, slightly below the bottom of his guideline range, which was 262-327 months. Petitioner appealed his sentence, which was upheld after his appointed counsel advised the court of appeals that he could not identify any nonfrivolous argument to pursue on appeal. Order, dkt. #54-1, 08-cr-112. Petitioner never filed a motion for post conviction relief until he filed the present motion.

OPINION

The primary issue in this case is whether petitioner has any claim that he can pursue in his post conviction motion. Petitioner argues that he is entitled to relief under the Supreme Court's decision in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), because the Supreme Court held in that case that the residual clause in 18 U.S.C. § 924(e)(2)(B) of the Armed Career Criminal Act was unconstitutionally vague.

A little background is necessary to understand petitioner's claim. Section 924(e) provides that persons who violate 18 U.S.C. § 922(g) of 18 U.S.C. Ch. 44 (Firearms) are to receive enhanced sentences for their offenses if they have at least three prior convictions for certain state or federal controlled substance offenses or for "violent felonies." Subsection (B) of § 924(e)(2) defines a "violent felony" as

> any crime punishable by imprisonment for a term exceeding one year . . . that

>(i) has as an element the use, attempted use or threatened use of physical force against the person of another [this is referred to as the "elements" clause or the "force" clause]; or
>
>(ii) is burglary, arson, or extortion, involves use of explosives [known as the enumerated offense clause], or *otherwise involves conduct that presents a serious risk of physical injury to another*"; [this italicized clause is known generally as the "residual clause."].

The federal sentencing guidelines borrowed much of the language in § 924(e)(2)(B) to define a "crime of violence" in U.S.S.G. § 4B1.2. However, U.S.S.G. § 4B1.1 requires only two prior convictions of either a crime of violence or a controlled substance offense as a prerequisite for career offender status.

In Johnson, the Supreme Court focused on the last clause of the residual clause (subsection (ii) of § 924(e)(2)(B)), finding problems with two features of the clause: (1) it left "grave uncertainty about how to estimate the risk posed by a crime," id. at 2557; and (2) "[a]t the same time, [it left] uncertainty about how much risk it takes for a crime to qualify as a violent felony." Id. at 2558. This uncertainty led the Court to find the clause unconstitutionally vague. In a later ruling, Welch v. United States, 136 S. Ct. 1257 (2016), the Court held that Johnson had announced a substantive rule that applied retroactively on collateral review.

Petitioner has no claim under Johnson for at least two reasons. First, it is not the case that the Supreme Court found in Johnson v. United States, 135 S. Ct. 2551 (2015), that battery by a prisoner counts as a crime of violence only under the "residual clause" in § 924(e)(2)(B)(ii). A prior conviction for committing battery by a prisoner by the use, threatened use, or attempted use of physical force against the person of another qualifies as

4

a violent felony under subsection (i) of § 924(e)(2)(B) or a crime of violence under § 4B1.2 of the guidelines.

Second, it is not necessary to consider whether petitioner's prior conviction for battery to a prisoner meets the criteria in subsection (i) because he has two prior convictions for controlled substance offenses, which is sufficient to make him a career offender under the guidelines. (He does not contend that either of these crimes did not meet the criteria for "controlled substance offense" in U.S.S.G. § 4B1.2:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.)

Petitioner's second motion to hold his motion in abeyance is unnecessary, as explained above. According to the court records, he never filed a motion for post conviction relief in this court before filing his present motion. The Court of Appeals for the Seventh Circuit has ruled that the motion now before this court is the first motion petitioner has filed under § 2255. He does not need permission from the court of appeals to proceed on this motion.

Finally, there is no reason to appoint counsel for petitioner in this case. The federal defender's office declined to represent petitioner after reviewing his motion and it is clear from the record that petitioner has no viable claim for post conviction relief.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner.

To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Defendant has not made a substantial showing of a denial of a constitutional right so no certificate will issue.

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. Petitioner is free to seek a certificate of appealability from the court of appeals under Fed. R. App. P. 22, but that court will not consider his request unless he first files a notice of appeal in this court and pays the filing fee for the appeal or obtains leave to proceed in forma pauperis.

ORDER

IT IS ORDERED that petitioner Leroy Sharp's motion for post conviction relief under 28 U.S.C. § 2255 is DENIED. Further, it is ordered that no certificate of appealability shall issue. Petitioner may seek a certificate from the court of appeals under

Fed. R. App. P. 22.

    Entered this 25th day of August, 2016.

                                        BY THE COURT:
                                        /s/
                                        BARBARA B. CRABB
                                        District Judge